**Slip Op. 05-140**

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____

|                                                                                                |                              |
| --- | --- |
| FAG ITALIA, S.p.A., FAG BEARINGS CORP., SKF USA Inc. and SKF INDUSTRIE S.p.A., : : :            |                              |
| Plaintiffs and Defendant-Intervenors, : : :                                                     |                              |
| v. :                                                                                            |                              |
| UNITED STATES, :                                                                                | Consol. Court No. 97-00260-S |
| Defendant, :                                                                                    |                              |
| and :                                                                                           |                              |
| THE TORRINGTON COMPANY, :                                                                        |                              |
| Defendant-Intervenor and Plaintiff. :                                                           |                              |

_____

## Judgment

This matter comes before the Court pursuant to the decision of the Court of Appeals for the Federal Circuit ("CAFC") in FAG Italia v. United States, 402 F.3d 1356 (Fed. Cir. 2005) and the CAFC's mandate of May 31, 2005, reversing and remanding the judgment of the Court in FAG Italia v. United States, 24 CIT 1311 (2000) and FAG Italia v. United States, 25 CIT 1038 (2001) (affirming remand results submitted pursuant to FAG Italia, 24 CIT 1311).[1] Based on the CAFC's decision, the Court remanded this matter to the United States Department of Commerce ("Commerce"). Commerce was instructed to allow FAG Italia, S.p.A. ("FAG Italia") an opportunity to demonstrate that its antidumping duty margin was incorrectly determined because Commerce's use of actual expenses did not account for United States credit and inventory carrying costs in the calculation of total expenses. See Order (July 6, 2005). Commerce filed its Final Results of Redetermination Pursuant to Court Remands ("Remand Results") on October 5, 2005. Pursuant to the Court's remand, Commerce invited FAG Italia to show

_____

[1] The Torrington Company was acquired by the Timken Company in 2003, and is now known as Timken U.S. Corporation.

that its dumping margin had been incorrectly determined. <u>See Remand Results</u> at 3. FAG Italia, however, failed to respond to Commerce's invitation. <u>See</u> <u>id.</u> at 3-4.

Commerce determined that it had properly calculated FAG Italia's antidumping duty margin and did not change the previously assigned margin. <u>See</u> <u>id.</u> at 4-5. FAG Italia's weighted-average percentage margin for the period of May 1, 1994, through April 30, 1995, is 4.12 percent for ball bearings and parts thereof.

This Court, having received and reviewed Commerce's <u>Remand Results</u>, holds that Commerce duly complied with the Court's remand order and it is hereby

**ORDERED** that Commerce's <u>Remand Results</u> are reasonable, supported by substantial evidence, and is otherwise in accordance with law; and it is further

**ORDERED** that the <u>Remand Results</u> filed by Commerce on October 5, 2005, are affirmed in their entirety; and it is further

**ORDERED** that since all other issues have been decided, this case is dismissed.


                              /s/ Nicholas Tsoucalas
                              NICHOLAS TSOUCALAS
                              SENIOR JUDGE


Dated:    October 28, 2005
          New York, New York